**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5182

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY WAYNE SEELEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:98-cr-00068-6)

Submitted:  May 25, 2007          Decided:  July 11, 2007

Before WILLIAMS, Chief Judge, and WILKINSON and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Wayne Seeley was originally convicted and sentenced to imprisonment and supervised release for conspiracy to possess with intent to distribute cocaine and cocaine base and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 (2000) and 841(a)(1) (2000).

On October 24, 2006, a hearing was held to determine whether Seeley violated the conditions of his supervised release. Seeley admitted the first three alleged violations; however, he denied the last two violations — whether he had broken state laws by feloniously manufacturing and feloniously possessing marijuana. The district court found by a preponderance of the evidence that Seeley committed the five alleged violations and sentenced him to thirty months' imprisonment. Seeley timely noted his appeal and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). On appeal, Seeley alleges that the evidence was insufficient to establish by a preponderance of the evidence that he violated the conditions of his supervised release by committing the new state offenses. In letters to this Court, Seeley also challenges the credibility of his wife in her initial statement to the police and while on the witness stand.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a

- 2 -

violation by a preponderance of the evidence to revoke a defendant's supervised release.  18 U.S.C.A. § 3583(e)(3) (West 2000 and Supp. 2006).

Here, the district court did not abuse its discretion in finding that Seeley committed the alleged state law violations. The district court heard Mrs. Seeley's initial statement to police that she believed Seeley was growing marijuana in the backyard, that she observed Seeley daily in the backyard, that Seeley informed her he had planted something back there, and that she was not to go out there.  The court also heard that Seeley's wife's daughter told police she believed Seeley was checking on something in the backyard.  Moreover, marijuana was located where Officer Bloom had discovered, on a prior occasion, seedlings he believed were marijuana.  Accordingly, the Government established both allegations Seeley complains of by a preponderance of the evidence, and the district court, therefore, did not abuse its discretion in revoking Seeley's supervised release.  Additionally, Seeley's attack on appeal on his wife's credibility does not afford him any relief.  See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court.  This court requires that counsel inform Seeley, in writing, of his right to

petition the Supreme Court of the United States for further review. If Seeley requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Seeley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED